## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal No. 16-165 |
| v. | ) | |
| | ) | Judge Cathy Bissoon |
| MUKESH KHAWAS, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER

Pending before the Court is Mukesh Khawas's ("Defendant's") Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) ("Motion," Doc. 94). Defendant has also filed an Appendix of supporting materials and a Supplement (Docs. 95, 96). The Government filed a Response in Opposition ("Response," Doc. 100). After consideration of all the relevant briefing, Defendant's Motion will be denied.

There is some question as to whether Defendant properly exhausted his administrative remedies—it appears that Defendant received two letters from the prison regarding his request for release directed to the Warden. (Response at 3.) The second letter, dated December 14, 2020 denied his request for compassionate release, stating that the recommendation is "non-final" and informing Defendant that it may be appealed through the BOP's administrative remedy procedures. (Appendix at Ex. 1 (Doc. 95-1).) The COVID-19 pandemic notwithstanding, a prisoner's failure to administratively exhaust as required by 18 U.S.C. § 3582(c)(1)(A) "presents a glaring roadblock foreclosing compassionate release." United States v. Raia, No. 20-1033, 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020).

However, even if Defendant has properly exhausted his request with the BOP, the 3553 Factors cannot support a reduction in sentence for this Defendant.

1

The statute controls the Court's decision here. Section 3582(c)(1)(A)(i) provides in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that in any case the court . . . upon motion of the defendant . . . may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction.

A reduction must be consistent with the policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A).

Defendant's Motion does not describe any specific health concerns. Defendant states that the "extraordinary and compelling reasons" justifying his release are that he previously contracted the COVID-19 virus and the "harsh conditions of confinement resulting from this pandemic for the foreseeable future." (Motion at 2.) He states that his family is waiting for him and has supplemented his motion with letters from his wife and two pastors. (Motion at 7-8; Appendix at Ex. 4 (Doc. 95-4), Ex. 5 (Doc. 95-5); Supplement (Doc. 96).) The Court does not find "extraordinary and compelling" reasons warranting a reduction in sentence or release in this case. Moreover, even if the Court did, the Court must balance any "extraordinary and compelling" reasons with the factors resulting in Defendant's original sentence, pursuant to 18 U.S.C. § 3553.

Under these circumstances, the Court finds the weight of the 3553 Factors precludes release. Defendant's sentence reflects the nature, circumstances, and seriousness of Defendant's offense, and the needs for just punishment and deterrence. Defendant committed a very serious offense, and the Court is not convinced that his service-to-date is sufficient to meet the goals of sentencing. Defendant is approximately 53 months into a 84-month term of imprisonment for receipt of child pornography, which involved Defendant contacting a minor child online.

(Response at 2, 9.)  In addition, Defendant's offense is subject to a five-year statutory minimum, which the Government argues Defendant has yet to meet.  (Response at 9.)  To be clear, even if Defendant had completed over five years of imprisonment at this point, the Court finds no reason to grant a reduction in sentence in this case—to do so would be contrary to the serious nature and circumstances of Defendant's offenses, and the needs for just punishment and deterrence.

Therefore, consistent with the above, Defendant's Motion for Reduction of Sentence, (**Doc. 94**), is **DENIED**.

    IT IS SO ORDERED.


February 10, 2021　　　　　　　　　　　　　　　s\Cathy Bissoon
　　　　　　　　　　　　　　　　　　　　　　　　Cathy Bissoon
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge


cc (via ECF email notification):

All Counsel of Record


cc (via First-Class U.S. Mail):

MUKESH KHAWAS
No. 38160068
Moshannon Valley Correctional Facility
555 GEO Drive
Phillipsburg, PA 16866